IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

KEVIN PATTERSON, PRO SE          )
                                 )
        Petitioner,              )
                                 )
                                 )
            VS.                  )          CASE NO. T.B.A.
                                 )
                                 )          5:19-cv-00384
D.L. YOUNG, WARDEN,              )
                                 )
    F.C.I. BECKLEY,              )
        Respondent.              )
                                 )

**FILED**

MAY 1 5 2019

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

COMES NOW, Kevin Patterson, Pro Se, the plaintiff in this case. I make this declaration in support of my Motion for a combined temporary restraining order and a preliminary injunction to ensure that batteries necessary for the normal operation of all AM/FM radios, night lights, clocks and beard trimmers are not eliminated, removed or discontinued from being sold to inmates incarcerated at the Federal Correctional Institution-Beckley located in Beaver, West Virginia 25813.

1.    April 5, 2019 a MEMORANDUM FOR INMATE POPULATION was posted on the inmate TRULINCS/CORRLINCS computer system by ASSOCIATE WARDEN P. Boulet, F.C.I. Beckley notifying all inmates that effective June 7, 2019, the F.C.I. Beckley Commissary will discontinue the sale of AA, AAA and C batteries. See Exhibit "A";

2.  The plaintiff submits that in an effort to amicably re-
    solve the problem regarding the elimination of AA, AAA
    and C batteries at F.C.I. Beckley commissary he submit-
    ted  an Informal Resolution to F.C.I. Beckley staff on

3.  The plaintiff alleges that he, as well as over a thousand
    other inmates incarcerated at F.C.I. Beckley will incur
    irreparable harm and irrecoverable perniciousness causing
    the needless and unnecessary expenditure of sorely needed
    funds currently deposited in commissary trust fund account(s),
    explicitly earmarked for the purchasing of U.S. Postal
    Service Stamps necessary to maintain close and personal
    relationships with immediate family members, relatives,
    loved ones, the courts and to purchase personal hygiene
    items required to maintain a normal accepted level of san-
    itation if needlessly subjected to the untenable position
    of having to purchase a new "wind-up" AM/FM radio;

4.  Federal Bureau of Prisons records will clearly reflect
    that since F.C.I. Beckley's inception and opening in or
    about 1995, the commissary has continuously sold numerous
    types of AM/FM radio's, night lights, beard trimmers and
    clocks to inmates at inflated prices. Obviously, these
    specific sales of battery operated items has undoubtedly
    resulted in the F.C.I. Beckley commissary earning profits
    well into the hundreds of thousands of dollars from in-
    mates over the past twenty-four (24) years;

5.  The elimination of AA, AAA and C batteries from the F.C.I.
    Beckley commissary would obviously render the AM/FM radios,
    night lights for reading, clocks and beard trimmers sold
    by the F.C.I. Beckley commissary to hundreds, if not thou-
    sands of inmates, past and present, inoperable, ineffectual
    and for all intents and purposes worthless and obsolete;

6.  Significantly, the purchase of AA, AAA and C batteries at
    the F.C.I. Beckley commissary by plaintiff and illustrated
    on the attached commissary sheet as Exhibit "B," is con-
    ducted on an exchange basis only and batteries must be
    turned in at the beginning of the sale.  Thus, the reason
    set forth in Associate Warden P. Boulet's attached Memo-
    randum, Exhibit "A," for the elimination of batteries from
    the F.C.I. Beckley commissary is seriously flawed and
    clearly lacks merit;

7.  The permanent removal of AA, AAA and C batteries is en-
    tirely unnecessary and would serve no reasonable, logical,
    rational or penological purpose other than to enhance the
    profit margin of the F.C.I. Beckley commissary when aug-
    menting a thirty percent (30%) mark up to every item sold
    in the commissary to increase their coffers;

8.  The AM/FM radios now being sold in the F.C.I. Beckley com-
    missary are an indispensable item and essential for viewing
    various television programs, watching and listening to
    local and world news, sporting events and weather predic-
    tions;

9.  Defendant D.L. Young is the Warden at F.C.I. Beckley lo-
    cated in Beaver, WV and is ultimately responsible for en-
    suring inmates in his care and custody are provided the
    opportunity to purchase fundamental items such as AA, AAA
    and C batteries from the F.C.I Beckley commissary;

10. For the reasons set forth in the memorandum of law filed
    with this motion, the plaintiff is entitled to a tempo-
    rary restraining order requiring the defendant to continue
    selling AA, AAA and C batteries at the F.C.I. Beckley com-
    missary;

11.  For the foregoing reasons, the Court should grant the
     plaintiff's motion in all respects.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of
perjury that the foregoing is true and correct.

For the foregoing reasons, the Court grant the motion in all
respects.

Done this __5th__ day of May, 2019.

KEVIN PATTERSON, PRO SE
REGISTER NUMBER 31856-074
F.C.I. BECKLEY
P.O. BOX 350
BEAVER, WV 25813

4